## Albert E. Fyan, Plff. in Err., v. William Cessna et al.

Where two defendants in a judgment presented a petition for a rule to show cause why the judgment should not be opened as to them and they be permitted to make a defense, and the answer of the plaintiff, under oath, to the rule to show cause, expressly avers that these two defendants were sureties only, he cannot be permitted, on the trial of this issue against them, to prove that, in their absence, another joint maker of the note declared that he and one of said petitioning defendants were joint borrowers.

(Argued May 9, 1887.   Decided May 23, 1887.)

January Term, 1887, No. 139, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.   Error to the Common Pleas of Bedford County to review a judgment on a verdict for defendants in an action on a promissory note.   Affirmed.

The following facts appeared at the trial in the court below before BAER, P. J.:

July 28, 1881, on application of J. B. Cessna, plaintiff loaned to him the sum of $600, on a judgment note signed by J. B. Cessna, William Cessna, and William L. Moseby, to the order of Albert E. Fyan, for the sum of $600, payable two years after date.

On March 22, 1884, J. B. Cessna paid $72 to said Fyan which was indorsed on the back of the note as follows:

March 22, 1884, received on the within seventy-two dollars, interest from July 28, 1882, to July 28, 1884.
$72.00                                          A. E. Fyan.

J. B. Cessna failed in September, 1884, and the plaintiff caused a judgment to be entered on the note on which a fi. fa. was issued.   Thereafter William Cessna and William L. Moseby presented a petition to the court for a rule to show cause why the judgment should not be opened as to them and they be permitted to make defense, alleging that they signed said note as sureties; that they received no money or personal benefit upon said note, and that the payee therein named, in consideration

NOTE.—See note to Wolfe v. Gordon, 4 Sad. Rep. 307.

of the payment by the principal, J. B. Cessna, of interest in advance to July 27, 1884, extended the time of payment of said note to such time without their knowledge or consent and to their prejudice.

To this petition the plaintiff filed an answer which set forth that on July 27, 1881, plaintiff loaned to J. B. Cessna $600, "and took his single bill for the amount with William Cessna and William Moseby as sureties," payable in two years; that October 26, 1882, J. B. Cessna paid $36 on said note, and on March 22, 1884, $72; that plaintiff never at any time extended the time of payment of said note, nor was there any agreement, arrangement or understanding made with said Cessna that would have prevented him from proceeding to collect the same from the principal, if notice so to do had been given by the surety or sureties. This answer was verified by the plaintiff.

The court made the rule absolute, and depositions were duly taken and filed.

At the trial in the court below, plaintiff offered to prove by Albert E. Fyan that at the time J. B. Cessna got the money, he represented that he and his brother William Cessna were the borrowers; that he got the money for himself and his brother William, and that William Moseby was a surety; that he represented that he was acting as attorney for his brother William in borrowing money; that he and his brother William were joint borrowers, and that the money was loaned on these representations. This was objected to by defendants. Objection sustained and offer overruled. Assignment of error.

The court's charge to the jury was not excepted to, and the jury returned a verdict for the defendants, upon which judgment was subsequently entered.

The assignments of error specified the rejection of plaintiff's offer of evidence, above noted.

*William M. Hall* and *Alexander King,* for plaintiff in error. —Cited Ogle v. Graham, 2 Penr. & W. 132; Sigfried v. Levan, 6 Serg. & R. 308, 9 Am. Dec. 427; Wiley v. Moor, 17 Serg. & R. 438, 17 Am. Dec. 696; Patterson v. Patterson, 2 Penr. & W. 200; Simpson v. Bovard, 74 Pa. 351; Shaeffer v. M'Kinstry, 8 Watts, 258; Sterling v. Stuart, 74 Pa. 445, 15 Am. Rep. 559.

*John M. Reynolds* for defendants in error.

PER CURIAM:

The answer of the plaintiff under oath, to the rule to show cause why the judgment should not be opened, expressly avers that these two defendants were sureties only. He cannot now be permitted, on the trial of this issue against them, to prove that in their absence J. B. Cessna declared that he and his brother were joint borrowers. On no correct principle governing the admission of evidence could this be admitted. The specifications of error are not sustained.

Judgment affirmed.